UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-00777-H

JEANNE F. CRUTCHFIELD,
by SARA ROGERS CRUTCHFIELD,
next friend and attorney-in-fact                                                  PLAINTIFF

V.

TRANSAMERICA OCCIDENTAL
LIFE INSURANCE CO. n/k/a
TRANSAMERICA LIFE INSURANCE
CO.                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Simply stated, this case concerns whether Defendant's medical insurance policy covers Plaintiff's medical treatment for Alzheimer's disease. In her Second Amended Complaint, Plaintiff asserts that it is and that Defendant's failure to provide Plaintiff with benefits violates: (1) the Kentucky Consumer Protection Act, KRS § 367.170; (2) the Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230; (3) the Kentucky Insurance Code, KRS § 304.12-010 and KRS § 304.12-020; and (4) Defendant's duty of good faith and fair dealing.

Defendant has moved to dismiss, arguing that Plaintiff's Second Amended Complaint presents inadequate facts in support of her claims. Plaintiff disagrees, and has moved to file a Third Amended and Supplemental Complaint to clarify any existing ambiguity in her factual allegations. For the reasons that follow, the Court will deny Defendant's Motion to Dismiss for Failure to State a Claim, and will sustain Plaintiff's Motion to File a Third Amended and Supplemental Complaint.

**I.**

"When reviewing a defendant's motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations, but not legal conclusions, as true." *Harris v. Louisville-Jefferson Cnty. Metro Gov't*, 3:11-CV-338-H, 2012 WL 777263, at *1 (W.D. Ky. Mar. 8, 2012) (citation omitted). To survive the motion, "[a] plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Defendant argues that the Second Amended Complaint lacks factual content allowing the Court to reasonably infer liability upon Defendant. Defendant charges that Plaintiff's allegations amount "to no more than a formulaic recitation of statutory provisions." To resolve this dispute, the Court looks directly to the Second Amended Complaint (and, consequently, to the original Complaint, which is incorporated by reference). It alleges that Plaintiff has purchased medical insurance from Defendant under a Long-Term Care Insurance Policy (the "Policy") since 1992. In 2009, Plaintiff was diagnosed with Alzheimer's disease and sought care at Barton House, a senior care facility specializing in treating patients with Alzheimer's disease. Based upon Defendant's representations, Plaintiff believed her care and treatment at Barton House to be included within her Policy and the resulting charges would therefore be covered. Instead, according to Plaintiff, Defendant abused its discretion and breached its duties of good faith and fair dealing by denying coverage for Plaintiff's treatment. As a result, Defendant violated several state statutes designed to protect consumers from unfair business practices.

The Second Amended Complaint appears to present sufficient facts showing that Plaintiff, assuming her allegations are true, may be entitled to relief from Defendant. Although Defendant argues that it merely recites legal standards and conclusions, this is not entirely the case. It alleges that Defendant led Plaintiff to believe that the Policy covered treatment for Alzheimer's disease. According to Plaintiff, the Policy provided no such coverage, and Defendant was aware of this all along. Accepting these facts as true, Plaintiff satisfies her pleading requirements because it is reasonable to infer that Defendant may be liable for Plaintiff's damages.

## II.

Plaintiff has also moved to file a Third Amended and Supplemental Complaint. Defendant opposes the filing, arguing that Plaintiff's request is untimely. Defendant asserts that the new pleading presents no new allegations that were likely unknown to Plaintiff at the inception of this case. The Court agrees, but emphasizes that the Third Amended Complaint presents no *new* claims against Defendant. Thus, it simply provides additional factual support for claims previously asserted in the Second Amended Complaint. Defendant should not be surprised by any of these allegations and the Court finds that no advantage or disadvantage is gained or endured by either party. The new pleading merely clarifies claims that Plaintiff previously raised and specifies the factual allegations supporting them.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to File a Third Amended and


Supplemental Complaint is SUSTAINED and the Third Amended and Supplemental Complaint is ORDERED FILED.

cc:     Counsel of Record